# EXHIBIT 2



**THE SECRETARY OF HEALTH AND HUMAN SERVICES**
WASHINGTON, D.C. 20201

July 11, 2022

VIA ELECTRONIC MAIL

Dear Health Care Providers:

In light of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization,* I am writing regarding the Department of Health and Human Services (HHS) enforcement of the Emergency Medical Treatment and Active Labor Act (EMTALA). As frontline health care providers, the federal EMTALA statute protects your clinical judgment and the action that you take to provide stabilizing medical treatment to your pregnant patients, regardless of the restrictions in the state where you practice.

The EMTALA statute requires that all patients receive an appropriate medical screening examination, stabilizing treatment, and transfer, if necessary, irrespective of any state laws or mandates that apply to specific procedures. It is critical that providers know that a physician or other qualified medical personnel's professional and legal duty to provide stabilizing medical treatment to a patient who presents to the emergency department and is found to have an emergency medical condition preempts any directly conflicting state law or mandate that might otherwise prohibit such treatment.

As indicated above and in our guidance[1], the determination of an emergency medical condition is the responsibility of the examining physician or other qualified medical personnel. Emergency medical conditions involving pregnant patients may include, but are not limited to, ectopic pregnancy, complications of pregnancy loss, or emergent hypertensive disorders, such as preeclampsia with severe features. Any state laws or mandates that employ a more restrictive definition of an emergency medical condition are preempted by the EMTALA statute.

The course of treatment necessary to stabilize such emergency medical conditions is also under the purview of the physician or other qualified medical personnel. Stabilizing treatment could include medical and/or surgical interventions (e.g., abortion, removal of one or both fallopian tubes, anti-hypertensive therapy, methotrexate therapy etc.), irrespective of any state laws or mandates that apply to specific procedures.

Thus, if a physician believes that a pregnant patient presenting at an emergency department, including certain labor and delivery departments, is experiencing an emergency medical condition as defined by EMTALA, and that abortion is the stabilizing treatment necessary to resolve that condition, the physician must provide that treatment. And when a state law prohibits

---

[1] *Reinforcement of EMTALA Obligations specific to Patients who are Pregnant or are Experiencing Pregnancy Loss* (QSO-21-22-Hospitals- UPDATED JULY 2022), available at https://www.cms.gov/medicareprovider-enrollment-and-certificationsurveycertificationgeninfopolicy-and-memos-states-and/reinforcement-emtala-obligations-specific-patients-who-are-pregnant-or-are-experiencing-pregnancy-0

abortion and does not include an exception for the life and health of the pregnant person — or draws the exception more narrowly than EMTALA's emergency medical condition definition — that state law is preempted.

The enforcement of EMTALA is a complaint driven process. The investigation of a hospital's policies/procedures and processes, or the actions of medical personnel, and any subsequent sanctions are initiated by a complaint. If the results of a complaint investigation indicate that a hospital violated one or more of the provisions of EMTALA, a hospital may be subject to termination of its Medicare provider agreement and/or the imposition of civil monetary penalties. Civil monetary penalties may also be imposed against individual physicians for EMTALA violations. Additionally, physicians may also be subject to exclusion from the Medicare and State health care programs. To file an EMTALA complaint, please contact the appropriate state survey agency[2].

EMTALA's preemption of state law could also be enforced by individual physicians in a variety of ways, potentially including as a defense to a state enforcement action, in a federal suit seeking to enjoin threatened enforcement, or, when a physician has been disciplined for refusing to transfer an individual who had not received the stabilizing care the physician determined was appropriate, under the statute's retaliation provision

As providers caring for pregnant patients across the country, thank you for all that you do. The Department of Health and Human Services will take every action within our authority to protect the critical care that you provide to patients every day.

                                       Sincerely,

                                       /s/

                                       Xavier Becerra

---

[2] https://www.cms.gov/Medicare/Provider-Enrollment-and-Certification/SurveyCertificationGenInfo/ContactInformation