UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al.,<br><br>    Defendants. | No. 5:22-CV-185-H |

## NOTICE

A hearing is set for the plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 22) on August 18, 2022, at 1:00 p.m. CST in the United States District Court, Courtroom C-216, 1205 Texas Avenue, Lubbock, Texas 79401.  Dkt. No. 31.  To aid the parties' preparation, the Court specifies the following procedural guidelines.

Each side shall have one hour to present their arguments, with time to be distributed by each side as the respective parties see fit.  Separately and as necessary, the Court will permit the parties to present witness testimony and other evidence, and the time used for such presentation will not be counted against the parties' argument time.  Additional time for evidence and arguments may be granted as needed.

Finally, the parties should be prepared to address the following questions during the hearing:

- How do the parties define "abortion," and what is their authority for doing so?

- Assuming a notice-and-comment violation, what evidence or authority demonstrates the plaintiffs' injury in fact and how any injury would be redressed by a favorable judicial decision?

- Is the determination of whether Congress unambiguously imposed a condition on the grant of federal money evidence-dependent, a legal determination, or both?  If the analysis is evidence-dependent, what evidence, if any, have the plaintiffs provided (or do they expect to provide) demonstrating that hospitals accepting federal funding were not able to "exercise their choice [to accept or reject federal funds] knowingly, cognizant of the consequences of their participation"?  *South Dakota v. Dole*, 483 U.S. 203, 207 (1987) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981)).  For example, has any hospital that receives federal funds not previously provided abortions but would now be required to do so against its wishes?

- What would be the proper scope of any injunction that might issue?  In the plaintiffs' view, what scope of relief is necessary and appropriate?  In the defendants' view, how should any injunction be limited, and why?  *See Louisiana v. Becerra*, 20 F.4th 260 (5th Cir. 2021).

So ordered on August 16, 2022.

/s/ James W. Hendrix
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE