**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| STATE OF TEXAS, et al., | |
| *Plaintiffs,* | |
| *v.* | Civil Action No. 5:22-cv-00185 |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al., | |
| *Defendants.* | |

**UNOPPOSED MOTION OF AMERICAN COLLEGE OF EMERGENCY PHYSICIANS, AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS, SOCIETY FOR MATERNAL-FETAL MEDICINE, AMERICAN MEDICAL ASSOCIATION, NATIONAL MEDICAL ASSOCIATION, NATIONAL HISPANIC MEDICAL ASSOCIATION, AMERICAN ACADEMY OF PEDIATRICS, AMERICAN ACADEMY OF FAMILY PHYSICIANS, AMERICAN PUBLIC HEALTH ASSOCIATION, AND AMERICAN ACADEMY OF EMERGENCY MEDICINE RESIDENT AND STUDENT ASSOCIATION FOR LEAVE TO FILE AS *AMICI CURIAE* IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Local Civil Rule 7.2(b), proposed *Amici* move for leave to file the attached amicus brief in opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction. *Amici* also request leave to proceed without local counsel pursuant to Local Civil Rule 83.10(a).

Counsel for Defendants have indicated that they consent to *Amici*'s motion. Counsel for Plaintiffs have indicated that they do not oppose this motion or *Amici*'s request for leave to proceed without local counsel.

*Amici* are leading professional organizations of physicians and public health experts, including the leading professional societies of emergency physicians and obstetricians-gynecologists. Specifically, *Amici* include:

**American College of Emergency Physicians (ACEP)**: ACEP is the national medical society representing emergency medicine. Through continuing education, research, public education, and advocacy, ACEP advances emergency care on behalf of its 40,000 emergency physician members and the more than 150 million people they treat on an annual basis. Both by law and by oath, emergency physicians must care for all patients seeking emergency medical treatment. As with our nation, ACEP members represent a diverse array of personal and political beliefs, yet they are united in the belief that emergency physicians must be able to practice high quality, objective evidence-based medicine without legislative, regulatory, or judicial interference in the physician-patient relationship. Denial of emergency care or delay in providing emergency services on the basis of race, religion, sexual orientation, gender identity, ethnic background, social status, type of illness, or ability to pay is unethical under the Code of Ethics as emergency physicians.

1

**American College of Obstetricians and Gynecologists (ACOG):** Representing more than 90% of board-certified OB/GYNs in the United States, ACOG is the nation's premier professional membership organization for obstetrician-gynecologists dedicated to access to high-quality, safe, and equitable obstetric and gynecologic care. ACOG maintains the highest standards of clinical practice and continuing education of its members, promotes patient education, and increases awareness among its members and the public of the changing issues facing women's health care. ACOG is committed to ensuring access for all people to the full spectrum of evidence-based quality reproductive health care, including abortion care, and is a leader in the effort to confront the maternal mortality crisis in the United States. ACOG opposes medically unnecessary laws or restrictions that serve to delay or prevent care and the criminalization of evidence-based medicine. ACOG has previously appeared as *amicus curiae* in various courts throughout the country, and ACOG's briefs and guidelines have been cited by numerous courts as the authoritative voice of science and medicine relating to obstetric and gynecologic health care.

**American Medical Association (AMA):** The AMA is the largest professional association of physicians, residents, and medical students in the United States. Additionally, through state and specialty medical societies and other physician groups seated in its House of Delegates, substantially all physicians, residents, and medical students in the United States are represented in the AMA's policy-making process. The AMA was founded in 1847 to promote the art and science of medicine and the betterment of public health, and these remain its core purposes. AMA members practice in every medical specialty and in every state. The AMA joins this brief on its own behalf and as a representative of the Litigation Center of the American Medical Association and the State Medical Societies. The Litigation Center is a coalition among

2

the AMA and the medical societies of each state and the District of Columbia. Its purpose is to represent the viewpoint of organized medicine in the courts.

**Society for Maternal-Fetal Medicine (SMFM):** Founded in 1977, SMFM is the medical professional society for maternal-fetal medicine subspecialists, who are obstetricians with additional training in high-risk pregnancies. SMFM represents more than 5,500 members who care for high-risk pregnant people and provides education, promotes research, and engages in advocacy to advance optimal and equitable perinatal outcomes for all people who desire and experience pregnancy. SMFM and its members are dedicated to ensuring that all medically appropriate treatment options are available for individuals experiencing a high-risk pregnancy.

**National Medical Association (NMA):** Established in 1895, the National Medical Association is the nation's oldest and largest professional and scientific organization that represents African American physicians and their patients. On behalf of its more than 50,000 members, it advocates for parity and justice in medicine, the elimination of disparities in health, and promotion of health equity, including by confronting the US maternal mortality crisis and improving women's health.

**National Hispanic Medical Association (NHMA):** Established in 1994, NHMA is a non-profit association representing the interests of more than 50,000 licensed Hispanic physicians in the United States. Its mission is to support Hispanic physicians in their efforts to improve the health of underserved populations, including reducing the impact of the ongoing maternal health crisis.

**American Academy of Pediatrics (AAP):** AAP is a professional medical organization dedicated to the health, safety, and well-being of infants, children, adolescents, and young adults. Its membership is comprised of primary care pediatricians, pediatric medical subspecialists, and

3

pediatric surgical specialists, including subspecialists in pediatric emergency medicine and adolescent medicine. AAP is committed to advancing high quality medical care for pregnant adolescents.

**American Academy of Family Physicians (AAFP):** Founded in 1947, the AAFP is one of the largest national medical organizations, representing 127,600 family physicians and medical students nationwide.  AAFP seeks to improve the health of patients, families, and communities by advocating for the health of the public and by supporting its members in providing continuous comprehensive health care to all.

**American Public Health Association (APHA):** APHA champions the health of all people and all communities; strengthens the profession of public health; shares the latest research and information; promotes best practices; and advocates for public health issues and policies grounded in scientific research. APHA represents more than 22,000 individual members and is the only organization that combines a 150-year perspective, a broad-based member community, and the ability to influence federal policy to improve the public's health.

**American Academy of Emergency Medicine Resident and Student Association (AAEM/RSA)**: AAEM/RSA is a professional association representing 3,500 emergency medicine residents and medical students. AAEM/RSA advocates on issues which impact trainee education and stands with the teaching of evidence-based medicine. Furthermore, patient care and patient advocacy are at the forefront of our concerns. AAEM/RSA works to ensure that our patients are receiving the highest quality care possible from emergency medicine physicians, including the rights afforded by EMTALA to have their serious emergency medical conditions stabilized prior to the deterioration of their health.

4

Collectively, *Amici* represent hundreds of thousands of American physicians and other health professionals, including thousands of physicians in Texas. Ensuring access to evidence-based health care and promoting health care policy that improves patient health is central to each *amicus*'s mission. *Amici* believe that all patients are entitled to prompt, complete, and unbiased emergency health care that is medically and scientifically sound, and provided in compliance with the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Additionally, *Amici* have a strong interest in making sure that their members are not subject to conflicting legal obligations, particularly in the time-sensitive practice of emergency medicine. As explained in the proposed brief, a finding that EMTALA did not preempt state law regarding emergency care provided to pregnant patients would place physicians in an impossible bind when they treat pregnant patients with emergency conditions, unable to comply with both federal and state law and at risk of professional and legal consequences however they resolve their unavoidable dilemma.

*Amici* therefore seek to file this brief to provide a medical perspective on the issues in this case, with a specific focus on the real-world practice of emergency medicine. The proposed brief will explain how EMTALA has been understood and applied in the practice of emergency medicine, and the role that abortion care plays in providing the stabilizing treatment required by EMTALA.

Whether to grant a motion for leave to participate as *amicus curiae* is within the Court's discretion. *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020); *see also*, *e.g.*, *United States v. Gonzales-Wagner*, 977 F.3d 323, 345 (5th Cir. 2020) (noting court's "broad discretion" to consider "amici's additional arguments"). In deciding whether to grant leave, courts generally consider whether "the proffered information of amicus is timely, useful, or otherwise necessary

to the administration of justice." *United States ex rel. Long v. GSD & M Idea City LLC*, No. 11-cv-1154, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014) (quoting *Does 1-7 v. Round Rock Ind. Sch. Dist*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007)).

The Court should grant *Amici*'s motion for leave because the proposed brief is timely and useful. First, it is timely because it is filed just one day after the principal brief that it is supporting. *Cf.* Fed. R. App. P. 29(a)(6) (directing briefs to be filed "no later than 7 days after the principal brief of the party being supported is filed"). It is also filed prior to the deadline for the opposing parties' reply brief, and, as noted above, the opposing parties have indicated that they do not oppose its filing.

Second, the brief may be useful to the Court because it provides scientific and medical information not present in the parties' briefs. It also provides the perspective of the medical professionals directly regulated by EMTALA, drawn from real-world experience treating pregnant patients experiencing time-sensitive, life-or-death emergency medical conditions. This information is highly relevant to an understanding of EMTALA's practical application, as well as to the balance of the equities and the public interest in the requested injunction.

Accordingly, proposed *Amici* respectfully request that the Court enter the attached proposed order and grant leave to file the attached proposed brief.

Additionally, *Amici* respectfully request relief from the requirement of local counsel in Local Civil Rule 83.10(a). *Amici* are not seeking party status or to participate in arguments or hearings before the Court, and therefore will not need to appear in person in this case. Given the expedited nature of this proceeding, finding local counsel with a residence or principal office located within 50 miles of the courthouse in this division and clearing that counsel through each *amicus*'s retention process has not been possible. Other courts in this district have granted

motions for leave to proceed without local counsel in similar circumstances. *See, e.g.*, *Texas v. United States*, No. 7:16-cv-54, 2016 WL 9307614 (N.D. Tex. July 28, 2016).

Accordingly, *Amici* respectfully request leave to proceed without local counsel so that they may offer their expertise and perspective to the Court on the abbreviated schedule required in this case.

Dated: August 16, 2022

Respectfully submitted,

*s/      Jessica Anne Morton*
Jessica Anne Morton*
   (D.C. Bar No. 1032316)
Jeffrey B. Dubner*
John T. Lewis*
Skye L. Perryman*
DEMOCRACY FORWARD FOUNDATION
655 15th St. NW, Ste 800
Washington, D.C. 20005
Tel.: (202) 448-9090
jmorton@democracyforward.org
jdubner@democracyforward.org
jlewis@democracyforward.org
sperryman@democracyforward.org

Shannon Rose Selden*
Leah Martin*
Adam Aukland-Peck*
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022
Tel.: 212-909-6000
srselden@debevoise.com
lmartin@debevoise.com
aauklandpeck@debevoise.com

*Counsel for* Amici

*\* pro hac vice application
pending/forthcoming*

7

Molly A. Meegan*
AMERICAN COLLEGE OF OBSTETRICIANS AND
GYNECOLOGISTS
409 12th Street, SW
Washington, DC 20024
(202) 863-2585
mmeegan@acog.org

*Counsel for* Amicus Curiae *American
College of Obstetricians and Gynecologists*

*\* pro hac vice application
pending/forthcoming*

8

**CERTIFICATE OF CONFERENCE (Local Rule 7.1)**

Jeffrey B. Dubner, counsel for movants Medical and Public Health Societies, conferred via email with counsel for Plaintiffs Texas, American Association of Pro-Life Obstetricians & Gynecologists, and Christian Medical and Dental Associations. Counsel for all plaintiffs indicated they do not oppose the Medical and Public Health Societies' motion for leave to file as *amici curiae* and to proceed without local counsel.

Jeffrey B. Dubner also conferred via email with counsel for Defendants, who indicated that they consent to the Medical and Public Health Societies' motion for leave to file as *amici curiae*.

9