IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>               Defendants. | Civil Action No. 5:22-cv-00185-H |

### DEFENDANTS' MOTION FOR LEAVE TO FILE A TWO-PAGE SUR-REPLY

Defendants respectfully seek leave to file this brief sur-reply to address two issues that Plaintiffs raised for the first time at argument and pressed on rebuttal, and to which Defendants have not had an adequate opportunity to respond. Both concern Plaintiffs' belated attempt to identify a concrete circumstance under which there is "daylight" between EMTALA and Texas law.

*First*, in response to the Court's questioning, counsel for Texas posited that a "mental-health crisis" could qualify as an "emergency medical condition" for which pregnancy termination would be the necessary stabilizing treatment—for example, if a pregnant patient threatened self-harm if forced to carry a pregnancy to term. This argument was absent from Texas's briefing and is devoid of legal or factual support. Texas has cited no authority suggesting that pregnancy termination could be considered stabilizing care for a mental-health crisis, *cf., e.g.*, 42 U.S.C. § 1395dd(e)(3)(A) (defining stabilizing care as that "necessary to assure, within reasonable medical probability, that no material deterioration of the condition" is likely to result from transfer or discharge)—much less provided evidence of such a scenario having taken place. Nor can the Guidance—which does not mention mental health at all—be read to require pregnancy termination in such a situation. And Texas's argument is foreclosed by unrebutted factual testimony: "[E]mergency rooms do not perform 'elective abortions' where there is no *medical necessity*." Carpenter Decl. ¶ 17 (emphasis added); *see also* Nordlund Decl. ¶ 9 ("Emergency Medicine physicians do not administer abortifacients for non-pathological pregnancy conditions where there is no medical necessity for termination (i.e., 'elective abortions,'

where the intent is solely to end an unwanted pregnancy) … [and] there are no grounds upon which an Emergency Medicine physician could be compelled to do so.").

*Second*, counsel for AAPLOG and CMDA on rebuttal insisted that the Guidance will prevent its members from practicing "abortion reversal" to stop an incomplete medication abortion. But it is undisputed that, while many pregnant women experience uncomplicated spontaneous abortions (*i.e.*, miscarriages) or medication-induced abortions that do not require emergency care and thus do not implicate EMTALA, others may present with complications—like severe bleeding or hemorrhaging—that do pose serious risks to bodily functions. *E.g.*, Haider Decl. ¶ 17. Regardless, Plaintiffs made no attempt to rebut the sworn testimony of Dr. Haider, who explained that "'abortion reversal' . . . is not based on science, lacks any evidentiary support, and does not meet clinical standards," that "there are no scientifically sound studies that support the use of progesterone to stop or reverse an ongoing spontaneous or medication abortion," and that, because the only scientifically valid study on this practice found an increased risk of hemorrhage, "use of progesterone during an ongoing or inevitable abortion with uncontrolled bleeding is ethically irresponsible, dangerous, and is not a generally accepted or evidence-based treatment." *Id.* ¶ 18.

Plaintiffs' belated attempts to identify a concrete conflict between EMTALA and Texas law—ungrounded in *any* admissible evidence—thus fail to establish standing, much less carry their burden of demonstrating an entitlement to emergency injunctive relief.[1]

---

[1] Undersigned counsel contacted Plaintiffs' counsel to obtain their position on this motion; counsel for Texas opposes, and counsel for the organizational Plaintiffs did not respond by time of filing.

| | |
|---|---|
| Dated: August 23, 2022 | Respectfully Submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | BRIAN D. NETTER<br>Deputy Assistant Attorney General |
| | JENNIFER D. RICKETTS<br>Director, Federal Programs Branch |
| | ERIC B. BECKENHAUER<br>Assistant Branch Director |
| | /s/ Kate Talmor<br>KATE TALMOR<br>CHRISTOPHER HEALY<br>ALEXANDER N. ELY<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW, Washington, DC 20005<br>Tel: (202) 305-5267<br>kate.talmor@usdoj.gov<br>christopher.Healy@usdoj.gov<br>alexander.n.ely@usdoj.gov |
| | *Counsel for Defendants* |