**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as<br>Secretary of Health and Human Services, *et al.*,<br><br>          Defendants. | Civil Action No. 5:22-cv-00185-H |

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Xavier Becerra, in his official capacity as Secretary of Health and Human Services; the United States Department of Health And Human Services; Centers For Medicare & Medicaid Services (CMS); Karen L. Tritz, in her official capacity as Director of the Survey and Operations Group for CMS; and David R. Wright, in his official capacity as Director of the Quality Safety and Oversight Group for CMS, hereby answer Plaintiffs' Amended Complaint, ECF No. 18, as follows:

1.      This paragraph consists of characterizations of this lawsuit, argument, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

2.      Admit.

3.      Defendants lack sufficient knowledge to admit or deny the allegations in the first three sentences of this paragraph. The final sentence is a conclusion of law, not a statement of fact, and thus no response is required.

4.      Defendants lack sufficient knowledge to admit or deny the allegations in the first three sentences of this paragraph. The final sentence is a conclusion of law, not a statement of fact, and thus no response is required.

5.      Admit that Xavier Becerra is Secretary of the United States Department of Health and Human Services. The second sentence of this paragraph is a conclusion of law, not a statement of fact, and thus no response is required.

6.      Admit.

7.      Admit.

8.      Admit the first sentence of this paragraph.  The second sentence of this paragraph is a conclusion of law, not a statement of fact, and thus no response is required.

9.      Admit the first sentence of this paragraph.  The second sentence of this paragraph is a conclusion of law, not a statement of fact, and thus no response is required.

10.     This paragraph is comprised of conclusions of law, not statements of fact, and thus no response is required.

11.     This paragraph is comprised of conclusions of law, not statements of fact, and thus no response is required.

12.     This paragraph is comprised of conclusions of law, not statements of fact, and thus no response is required.

13.     This paragraph is comprised of conclusions of law, not statements of fact, and thus no response is required.

14.     This paragraph consists of characterizations of this lawsuit, argument, and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

15.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited case contains the quoted text, but deny any characterization of the case, which speaks for itself, and respectfully refer the Court to that case for a complete and accurate statement of its contents.

16.     Defendants admit that the cited remarks contain the quoted text, but deny any characterization of their content, which speaks for itself, and respectfully refer the Court to those remarks for a complete and accurate statement of their contents.

17.     Defendants admit that the quoted text was spoken by Secretary Becerra, but deny any characterization of their content, which speaks for itself, and respectfully refer the Court to

those remarks in the NBC interview for the complete and accurate statement of the recorded content.

18.     Defendants admit that on July 8, 2022, President Biden issued an Executive Order with this title, which contains the quoted text, but deny any characterization of its content, which speaks for itself, and respectfully refer the Court to that Executive Order for a complete and accurate statement of their contents.

19.     Defendants admit that the cited Press Briefing contains the quoted text, but deny any characterization of its content, which speaks for itself, and respectfully refer the Court to that Briefing for a complete and accurate statement of its content.

20.     Defendants admit that a tweet from the @POTUS account was published at that date and time, but deny Plaintiffs' characterization of its content, which speaks for itself, and respectfully refer the Court to the tweet for a complete and accurate statement of its content.

21.     Defendants admit the first sentence of this paragraph. The second and third sentences contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that the cited case contains the quoted text, but deny any characterization of the case, or of EMTALA, which speak for themselves, and respectfully refer the Court to that case and statute for a complete and accurate statement of their contents.

22.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that EMTALA defines the quoted terms, but deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

23.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that the cited statute contains the quoted language, but deny any characterization of the statute,

which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

24.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited statute contains the quoted language, but deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

25.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited statute contains the quoted language, but deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

26.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

27.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

28.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited case contains the quoted language, but deny any characterization of the case or the EMTALA statute, which speak for themselves, and respectfully refer the Court to the statute and case for a complete and accurate statement of their contents.

29.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit

that the cited case contains the quoted language, but deny any characterization of the case or the EMTALA statute, which speak for themselves, and respectfully refer the Court to the statute and case for a complete and accurate statement of their contents.

30.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited cases contain the quoted language, but deny any characterization of the cases or the EMTALA statute, which speak for themselves, and respectfully refer the Court to the statute and cases for a complete and accurate statement of their contents.

31.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the cases, which speak for themselves, and respectfully refer the Court to those cases for a complete and accurate statement of their contents.

32.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the unidentified state laws.

33.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of EMTALA or other federal laws, which speak for themselves.

34.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of EMTALA or the cited federal regulations, which speak for themselves, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

35.     Defendants admit that on July 11, 2022, CMS issued agency guidance to all State Survey Agency Directors titled "Reinforcement of EMTALA Obligations Specific to Patients who are Pregnant or are Experiencing Pregnancy Loss," and that Secretary Becerra issued a letter to providers, but deny any characterization of their contents (including that the documents are an

"Abortion Mandate"), which speak for themselves, and respectfully refer the Court to the documents for a complete and accurate statement of their contents. This paragraph also contains argument and conclusions of law, not allegations of fact, to which no response is required.

36.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of EMTALA or the cited document (including that the document is an "Abortion Mandate"), which speak for themselves, and respectfully refer the Court to the statute and document for a complete and accurate statement of their contents.

37.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny that there was no evidence that violations of EMTALA were occurring which precluded woman from receiving emergency care for miscarriages and ectopic pregnancies at the time the challenged document or Executive Order were promulgated, and deny any characterization of EMTALA, the Executive Order, or the challenged document (including that the document is an "Abortion Mandate"), which speak for themselves, and respectfully refer the Court to those documents and statute for a complete and accurate statement of their contents.

38.     The first sentence of this paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to that statute for a complete and accurate statement of its contents. Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of this paragraph.

39.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of EMTALA or the cited document (including that the document is an "Abortion Mandate"), which speak for themselves, and respectfully refer the Court to the statute and document for a complete and accurate statement of their contents.

40.      This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the challenged document contains the quoted text, but deny any characterization of the document, which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

41.      This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited statute contains the quoted text, but deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

42.      This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the challenged document contains the quoted text, but deny any characterization of its contents, or the contents of Texas law, the Hyde Amendment or the *Roe* case, which speak for themselves, and respectfully refer the Court to them for a complete and accurate statement of their contents.

43.      This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document, EMTALA, or other federal statutes, which speak for themselves, and respectfully refer the Court to them for a complete and accurate statement of their contents.

44.      This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit that the challenged document contains the quoted language, but deny any characterization of the challenged document, which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

45.      This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny

any characterization of the challenged document, which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

46.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

47.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

48.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

49.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

50.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

51.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

52.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny

any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

53.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited case, which speaks for itself, and respectfully refer the Court to the case for a complete and accurate statement of its contents.

54.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

55.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

56.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

57.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statutes, which speak for themselves, and respectfully refer the Court to the statutes for a complete and accurate statement of their contents.

58.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statutes and case, which speaks for themselves, and respectfully refer the Court to the statutes and case for a complete and accurate statement of their contents.

59.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit only that the cited case contains the quoted language, and otherwise deny.

60.    Defendants admit that the State of Texas operates hospitals that participate in Medicare and Medicaid.  This paragraph otherwise contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations, and respectfully refer the Court to the challenged document for a complete and accurate statement of its contents.

61.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, deny.

62.    Defendants deny the characterization of the CMS Factsheet documented cited footnote 17 in the first sentence of this paragraph, as that document speaks for itself.  Defendants lack sufficient knowledge to admit or deny the second sentence of the paragraph.  The third sentence contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization of the document, which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

63.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit only that the quoted language appears in the Texas statute cited, but otherwise deny any characterization of the statute, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

64.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants admit only that the quoted language appears in the cited case, except that the citation is incorrect, and should be *In re Debs*, 158 U.S. 561, 584 (1895).  Defendants otherwise deny the allegations in this paragraph.

65.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

66.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny.

67.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

68.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

69.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

70.     Defendants admit that intrauterine pregnancy is not an acute condition requiring immediate medical intervention, and is a normal bodily function.  The remainder of this paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.

71.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants lack sufficient understanding of what

"broader conditions" are referred to in this paragraph to confirm or deny whether those conditions include "elective abortions."

72.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations in this paragraph.

73.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph insofar as they purport to describe the views of APPLOG and its members.  This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a further response is deemed necessary, Defendants deny the allegations in this paragraph.

74.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph. To the extent that this paragraph purports to identify press or position statements made by AAPLOG, those documents speak for themselves.

75.    Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph. To the extent that this paragraph purports to identify prior position statements made by CDMA, those documents speak for themselves.

76.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  Defendants otherwise deny the allegations in this paragraph.

77.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny

any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

78.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

79.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents Defendants admit that HHS, through its Office of the Inspector General (OIG), may impose a civil monetary penalty up to $119,942 against a hospital with over 100 beds, pursuant to 42 CFR §1003.500 for refusing to provide either: 1) any necessary stabilizing care for an individual presenting with an emergency medical condition that requires such stabilizing treatment; or 2) an appropriate transfer of that individual if the hospital does not have the capacity to stabilize the emergency condition. Defendants otherwise deny the allegations in this paragraph.

80.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

81.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion

Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

82.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

83.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

84.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

85.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

86.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

87.   This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise lack knowledge sufficient to admit or deny the allegations in this paragraph insofar as they purport to describe Dr. Hurtlzer's views on his practice of medicine.

88.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

89.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

90.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

91.   Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

14

92.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

93.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

94.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise lack knowledge sufficient to admit or deny the allegations in this paragraph insofar as they purport to describe Dr. Valley's views on his practice of medicine.

95.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

96.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

97.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

98.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

99.     Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

100.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny any characterization of the challenged document (including that the document constitutes an "Abortion Mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise lack knowledge sufficient to admit or

deny the allegations in this paragraph insofar as they purport to describe Dr. Foley's views on his practice of medicine.

101.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

102.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

103.     This paragraph contains argument and conclusions of law, not allegations of fact, insofar as this paragraph incorporates prior allegations in the Complaint, and thus no response is required.

104.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.

105.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny any characterization of the challenged document, including that the document "mandates" particular medical procedures, as the document speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.

106.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is required, Defendants deny any characterization of the challenged document, which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants admit that Defendants Wright and Tritz signed the July 11, 2022, guidance document, but deny all other allegations in this paragraph.

107.     This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  Moreover, this paragraph contains characterizations of judicial

decisions, and those decisions speak for themselves. To the extent a response is required, Defendants deny the allegations in this paragraph.

108.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. Moreover, this paragraph contains characterizations of judicial decisions and statements made by the President of the United States, and those judicial decisions and statements speak for themselves. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes a "mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

109.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

110.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

111.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, the text of the APA speaks for itself.

112.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

113. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. The statute cited by Plaintiffs in this paragraph speaks for itself, and Defendants otherwise deny the allegations in this paragraph.

114. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. The statutes cited by Plaintiffs in this paragraph speak for themselves, and Defendants otherwise deny the allegations in this paragraph.

115. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. The statutes cited by Plaintiffs in this paragraph speaks for itself, and Defendants otherwise deny the allegations in this paragraph.

116. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. The statute cited by Plaintiffs in this paragraph speaks for itself, and Defendants otherwise deny the allegations in this paragraph.

117. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, deny.

18

118.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the text of the APA and 42 U.S.C. § 1395hh(b) speak for themselves.

119.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the text of the APA speaks for itself, and Defendants otherwise deny the allegations in this paragraph.

120.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the statute cited by Plaintiff in this paragraph speaks for itself.

121.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

122.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

123.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

124.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an

"abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. The cited provision of the APA speaks for itself. Defendants otherwise deny the allegations in this paragraph.

125.    This paragraph contains characterizations of a judicial decision, which speaks for itself.

126.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the text of the APA speaks for itself.

127.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the text of the APA and the judicial decision cited in this paragraph speak for themselves.

128.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

129.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in this paragraph.

130.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

131.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. This paragraph also contains characterizations of a judicial decision, which speaks for itself.

132.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

133.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

134.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

135.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. This paragraph contains characterizations of a judicial decision and a provision of the United States Constitution, which speaks for themselves.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

136.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

137.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. This paragraph contains characterizations of a judicial decision, which speaks for itself.  To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

138.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

139.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

140.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.

141.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required.

142.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. This paragraph contains characterizations of a judicial decision, which speaks for itself. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

143.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. This paragraph contains characterizations of a judicial decision, which speaks for itself. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

144.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

145.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. This paragraph quotes provisions of the United States Constitution, which speak for themselves. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

146.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. The paragraph purports to characterize a federal statute, but the statute's text speaks for itself. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

147.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

148.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph insofar as they purport to describe CDMA members' religious exercise.

149.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. Defendants lack knowledge sufficient to admit or deny the allegations in this paragraph insofar as they purport to describe CDMA members' religious exercise.

150.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. To the extent a further response is deemed necessary, Defendants deny the allegations in this paragraph.

151.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. To the extent a further response is deemed necessary, Defendants deny the allegations in this paragraph.

152.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. To the extent a further response is deemed necessary, Defendants deny the allegations in this paragraph.

153.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. To the extent a further response is deemed necessary, Defendants deny the allegations in this paragraph.

154.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the challenged document (including that the document constitutes an "abortion mandate"), which speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

155.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

156.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. The text of the Declaratory Judgment Act and the judicial decision cited in this paragraph speak for themselves. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

157.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

The remaining paragraphs of the complaint contain a prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief, and further aver that Plaintiff is not entitled to the requested relief or any other relief from Defendants.

Defendants deny any and all allegations in the Amended Complaint not expressly admitted herein to which a response is deemed required.

## DEFENSES

1. Plaintiffs lack standing to bring this lawsuit.

2. The challenged guidance document is not final agency action, which therefore precludes judicial review.

3. Plaintiffs fail to state claims for which relief can be granted.

4. Defendants' actions did not violate the Constitution, the Administrative Procedure Act (APA), the Religious Freedom Restoration Act (RFRA), or any other statutory or regulatory provision.

## CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated:  September 27, 2022

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ERIC B. BECKENHAUER
Assistant Branch Director

*/s/ Alexander N. Ely*
CHRISTOPHER R. HEALY
ALEXANDER N. ELY
KATE TALMOR
Trial Attorneys
United States Department of Justice

Civil Division, Federal Programs Branch
1100 L Street NW, Washington, DC 20005
Tel: (202) 305-5267
kate.talmor@usdoj.gov
Christopher.Healy@usdoj.gov
alexander.n.ely@usdoj.gov

*Counsel for Defendants*