UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS; AMERICAN ASSOCIATION OF PRO-LIFE OBSTETRICIANS & GYNECOLOGISTS; and CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS,<br>    *Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS); KAREN L. TRITZ, in her official capacity as Director of the Survey and Operations Group for CMS; DAVID R. WRIGHT, in his official capacity as Director of the Quality Safety and Oversight Group for CMS,<br>    *Defendants*. | CIVIL ACTION NO. 5:22-CV-00185 |

**PLAINTIFFS' RESPONSE TO COURT'S ORDER
REQUIRING JURISDICTIONAL BRIEFING**

Defendants filed a "Motion for Clarification" of the Court's order granting Plaintiffs' Motion for Preliminary Injunction. Dkt. #86. The Court has not ruled on the Motion for Clarification. Defendants have since filed a notice of appeal. Dkt. #94. The Court has requested briefing on whether it still has jurisdiction to consider Defendants' Motion for Clarification. Dkt. #95. The answer to this question appears to turn on whether Defendants' Motion for Clarification, which cites no federal rule, should be treated as a motion to alter or amend the judgment under

Rule 59(e).

While there is conflicting authority on this question, here, the best answer is the Court lacks jurisdiction to rule on Defendants' Motion for Clarification. Motions to reconsider interlocutory orders are appropriately treated as motions under Rule 54(b) rather than under Rule 59(e). Moreover, Defendants' Motion for Clarification does not invoke any of the bases for relief under Rule 59(e).

### A.     This Court lacks jurisdiction to rule on Defendants' Motion for Clarification.

As the Court noted in its Order, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But as the Court notes, a notice of appeal only becomes effective after the district court disposes of any timely filed motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A). *See* Fed. R. App. P. 4(a)(4)(B)(i). Motions which would prevent the notice of appeal from becoming effective include the following:

    (i)    For judgment under Rule 50(b);
    (ii)    To amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
    (iii)    For attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
    (iv)    To alter or amend the judgment under Rule 59;
    (v)    For a new trial under Rule 59; or
    (vi)    For relief under Rule 60 of the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). There is no argument that Defendants' Motion for Clarification could fall under (i)-(iii) or (v)-(vi). Accordingly, the question before the Court is whether Defendants' Motion qualifies as a motion to alter or amend a judgment under Rule 59(e).

1. **Defendants' Motion for Clarification is not a motion to alter or amend the judgment under Rule 59(e).**

Federal Rule of Civil Procedure 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Defendants' Motion cannot be construed as a motion under Rule 59(e) because the Motion does not seek to alter or amend the preliminary injunction and the preliminary injunction is not a final judgment.

On its face, Defendants' Motion seeks clarification of the meaning of the preliminary injunction. Dkt. #86 at 1–2. In the Motion, Defendants "respectfully seek clarification of the scope of the Court's order to facilitate their full compliance, give clarity to providers, and inform the scope of further proceedings, whether in this Court or on appeal." Dkt. #86 at 1. Defendants specifically cite legal authority supporting the ability of a party to "'seek district court clarification' where it 'has doubts about the meaning of any part of the injunction.'" Dkt. #86 at 1 (quoting *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 517 (5th Cir. 1969)) (cleaned up). Further, in support of their motion Defendants cite legal authority that the "district courts possess the ***inherent*** procedural authority to clarify its order for causes seen by it to be sufficient." Dkt. #86 at 2 (quoting *PSSI Hldgs., LLC v. Calhoun*, No. 5:21-CV-00080-RWS, 2021 WL 8315396, at *1 (E.D. Tex. Sept. 13, 2021) (cleaned up) (emphasis added).

Defendants' Motion asks the court to clarify its meaning—not to alter or amend its order; thus, their Motion cannot be construed as a motion under Rule 59(e). Moreover, Defendants expressly invoke the Court's inherent power and not the power conveyed under Rule 59(e). Defendants do not mention Rule 59 anywhere in the Motion. Accordingly, Defendants' Motion for Clarification should not be construed as a motion to alter or amend a judgment under Rule 59(e). Defendants' notice of appeal was effective upon filing, and this Court is divested of

jurisdiction to rule on the Motion.

### 2. Defendants do not assert any grounds for relief under Rule 59(e).

Defendants' Motion cited no federal rule as the basis for the relief they were seeking. For that reason alone, the Court would be justified in considering it as not having been "file[d] . . . under" any of the rules that trigger Fed. R. App. P. 4(a)(4)(A). Defendants are sophisticated litigants and the Court can expect them to have cited one of those rules if they intended to trigger Fed. R. App. P. 4(a)(4)(A) in the event they chose to file an interlocutory appeal.

The characteristics of the Motion also do not implicate Rule 59(e). The Fifth Circuit has held that Rule 59(e) motions are appropriate in three circumstances, none of which Defendants cite in their Motion for Clarification. "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). Defendants do not make any such assertions in their Motion for Clarification. Rather than assert a manifest error on the Court's part, Defendants' motion assumes (incorrectly) that the Court's order was inadvertently unclear. This is an additional reason that the Court should not consider the motion to be a Rule 59(e) motion.

### B. Defendants' Motion for Clarification should be considered a motion under Rule 54(b).

While neither the Supreme Court nor the Fifth Circuit has definitively decided whether a motion for clarification of an order granting or denial of a motion for preliminary injunction should be treated as a motion under Rule 59(e), Fifth Circuit authority supports considering motions to reconsider interlocutory orders as motions under Rule 54(b). In *Cabral v. Brennan*, the Fifth

Circuit held that a motion to reconsider the court's order granting a motion for partial summary judgment should have been analyzed under Rule 54(b). 853 F.3d 763, 766 (5th Cir. 2017). The Court held, "Because the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgments [footnote omitted]."). *Id.* at 766.

To be sure, the Fifth Circuit has also held that appealable interlocutory orders can also be treated as a "judgment" for purposes of Rule 59(e). *See Girard v. Drexel Burham Lambert, Inc.*, 807 F.2d 490, 492 (5th Cir. 1987) ("An appealable order, such as the district court's above-referenced 'Order to Arbitrate and to Stay,' is a 'judgment' for purposes of Fed. R. Civ. P. 59(e)."). But more recent Fifth Circuit authority supports the proposition that a motion to reconsider an interlocutory order is properly reviewed as a motion under Rule 54(b). In *Austin v. Kroger Texas, L.P.*, the Court held, "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision ... [that] does not end the action [alterations in original]." 864 F.3d 326, 336 (5th Cir. 2017).

Here, the Court's order does not "end the action," such that Defendants' Motion should be considered a motion under Rule 59(e). Moreover, unlike the order at issue in *Birdsong v. Wrotenbery*, the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction is an interlocutory order. In *Birdsong*, the order granted the plaintiffs' motion for summary judgment and enjoined the defendants, thereby disposing of the issues in the case. 901 F.2d 1270, 1271–72 (5th Cir. 1990). Because an order granting a motion for preliminary injunction is an interlocutory order, the Court should consider Defendants' Motion for Clarification under Rule 54(b).

District courts have also held that motions to reconsider interlocutory orders should be reviewed under Rule 54(b). *See Black v. Experian Info. Sols., Inc.*, No. CV H-21-04231, 2022 WL 1809307, at *1 (S.D. Tex. June 2, 2022) ("A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which governs motions to reconsider orders that do not dispose of every claim."); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002) ("A motion to reconsider a judgment is treated as a Rule 59(e) motion to alter or amend that judgment; *see also Brown v. United States*, No. 3:20-CV-063-DPJ-FKB, 2021 WL 3729296, at *5 (S.D. Miss. Aug. 23, 2021) (reviewing a plaintiff's motion to stay the Court's denial of a motion for preliminary injunction as a motion for reconsideration and holding that Rule 54(b) applied "because the Court's Order did not resolve the dispute").

For these reasons, Defendants' Motion for Clarification should be considered a motion under Rule 54(b).

## CONCLUSION

Defendants' Motion for Clarification is not a motion under Rule 59(e), and the Court lacks jurisdiction to rule on it.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division
Texas Bar No. 24087727
Christopher.Hilton@oag.texas.gov

*/s/ Amy Snow Hilton*
**AMY SNOW HILTON**
Assistant Attorney General
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

**WILLIAM D. WASSDORF**
Assistant Attorney General
Texas Bar No. 24103022
Will.Wassdorf@oag.texas.gov

**CHARLES K. ELDRED**
Special Counsel for Legal Strategy
Texas Bar No. 00793681
Charles.Eldred@oag.texas.gov

Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**COUNSEL FOR THE STATE OF TEXAS**

*/s/ Ryan L. Bangert*
**RYAN L. BANGERT**
TX Bar No. 24045446
rbangert@ADFlegal.org

**MATTHEW S. BOWMAN**
DC Bar No. 993261
mbowman@ADFlegal.org

Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622

**COUNSEL FOR AMERICAN ASSOCIATION OF PRO-LIFE OBSTETRICIANS AND GYNECOLOGISTS, AND CHRISTIAN MEDICAL AND DENTAL ASSOCIATIONS**

### CERTIFICATE OF SERVICE

      We certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF.

| */s/ Amy S. Hilton* | */s/ Ryan Bangert* |
|---|---|
| Amy S. Hilton | Ryan Bangert |