IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>            Defendants. | Civil Action No. 5:22-cv-00185-H |

### DEFENDANTS' RESPONSE TO THE COURT'S ORDER REQUIRING JURISDICTIONAL BRIEFING

Defendants respectfully respond to the Court's October 28, 2022 Order requiring briefing on whether the Court has jurisdiction to resolve Defendants' Motion for Clarification, ECF No. 86 ("Defs.' Mot."), in light of the filing of a Notice of Appeal. Because resolving the motion would be an action in aid of the appeal, the Court has jurisdiction to do so.

1. "Ordinarily, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Oct. 28 Order, ECF No. 95 at 1 (citing, *inter alia*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). But that rule is "not absolute." *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145–46 (5th Cir. 1982). Rather, it is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *In re Thorp*, 655 F.2d 997, 998 (9th Cir. 1981) (quoting 9 Moore's Federal Practice ¶ 203.11); *see also Loc. P-171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1073 (7th Cir. 1981) (this principle "has always been shot through with exceptions where a fair construction of the Federal Rules of Civil Procedure so requires"); *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986) ("The rule serves two important interests: judicial

economy, for it spares the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals; and considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason.").

Accordingly, after the filing of a notice of appeal, district courts retain jurisdiction to take actions "in aid of the appeal," *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984), and over "other matters, such as ordering stays or modifying injunctive relief" to preserve the status quo, *Farmhand*, 693 F.2d at 1145–46; *see also In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991) (district court had jurisdiction to issue a written order clarifying the scope of an oral order, notwithstanding intervening notice of appeal); *Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001) (district court had jurisdiction to modify an injunction to clarify "imprecise wording"). This principle "has been codified in Federal Rule of Civil Procedure 62[(d)[1]]," *Waterfall Victoria Master Fund Ltd. v. Avery*, No. 3:16-CV-0173-B, 2018 WL 8261598, at *2 (N.D. Tex. Nov. 5, 2018), which recognizes that "[w]hile an appeal is pending from an interlocutory order" granting an injunction, "the court may . . . modify, restore, or grant an injunction on . . . terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The Fifth Circuit has recognized that Rule 62 allows courts to modify injunctions to "maintain[] the status quo." *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989).

The power to "to modify an injunction to preserve the status quo necessarily includes the lesser power to clarify the injunction to supervise compliance." *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) (citing *Meinhold v. U.S. Dep't of Def.*, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994) ("As the district court issued the amended order to clarify its original injunction and to supervise compliance . . . it did not lack jurisdiction."); *United States v. Philip*

---

[1] What was previously Fed. R. Civ. P. 62(c) is now codified as Fed. R. Civ. P. 62(d).

*Morris USA Inc.*, 686 F.3d 839, 844 (D.C. Cir. 2012) (distinguishing "modifications" from "clarifications" of injunctions, and recognizing that district courts retain jurisdiction to clarify them)); *see also In re Ingram Towing Co.*, 59 F.3d 513, 516 (5th Cir. 1995) (recognizing the distinction between modifying and interpreting an injunction); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 769 (5th Cir. 1999) (similar). Thus, although a district court may not "act[] impermissibly to modify a judgment substantively," it may issue modifications that "clarif[y] its order," which are "acts in aid of the appeal." *United States v. Viola*, 555 F. App'x 57, 60 (2d Cir. 2014); *see also United States v. Barletta*, 644 F.2d 50, 53 (1st Cir. 1981) ("Precisely because the question of our jurisdiction over its initial order turned on the proper interpretation of that order, the district court's clarification of its own prior action was appropriately 'in aid of the appeal'").

Here, the Court has jurisdiction to resolve Defendants' Motion for Clarification, which sought only to clarify the injunction's existing scope. As Defendants explained, the Court "enjoined [them] from enforcing their interpretation of EMTALA 'as to when an abortion is required' without specifying whether that prohibition would apply to emergency care that includes an abortion in circumstances that are *permitted* under state law." Defs.' Mot. at 1. Thus, the Court's injunction "could be taken to preclude Defendants from enforcing EMTALA's requirements even where all agree that state law would *permit* pregnancy termination—for example, to save a pregnant woman's life—and even where AAPLOG's and CMDA's members agree that abortion is a necessary treatment." *Id.* at 2. But "[s]uch a reading would . . . sweep beyond the harms that Plaintiffs have asserted and the Court's reasoning," including its "express intent to issue 'a tailored, specific injunction.'" *Id.* Defendants therefore requested that the Court issue a clarification reflecting what Defendants believe was the injunction's intended meaning: that it "does not preclude Defendants from enforcing the Guidance and Letter's interpretation of EMTALA with respect to abortions that would be permitted by Texas law (or, in the case of the Organizational Plaintiffs' members, abortions that are permitted

3

by the law of the state in which they practice and would not violate their religious convictions as the Court described them)." *Id.* at 4. In other words, the motion simply requests that the Court state more clearly what Defendants believe it already meant when it issued the injunction—or, if that understanding is mistaken, to clarify otherwise. A ruling on the motion would thus aid the appeal by "facilitat[ing] [Defendants'] full compliance" with the existing injunction, "giv[ing] clarity to providers, and inform[ing] the scope of further proceedings, whether in this Court or on appeal." *Id.* at 1.

Retaining jurisdiction over the motion also comports with the purposes of the rule set forth in *Griggs*. *See Amalgamated Meat Cutters*, 642 F.2d at 1074 (the doctrine "should not be employed to defeat its purposes"). Resolving Defendants' motion would not risk "putting the same issues before two courts at the same time," *see Thorp*, 655 F.2d at 998, because the motion merely seeks to understand the scope of the injunction already issued, not relitigate the legal issues in the order being appealed. Nor is there risk that deciding the motion will result in a protracted "two-front war" between the parties—the motion is already fully briefed and ripe for decision, and merely asks for clarification of one narrow aspect of the Court's injunction. *See Shewchun*, 797 F.2d at 943. Lastly, the appeal is still in its infancy, and there is thus no risk that a decision from the Court of Appeals will imminently moot the motion. *See id.* Instead, the resolution of Defendants' motion would provide needed clarity to inform the proper scope of the appeal. Indeed, on November 8, 2022, the Fifth Circuit granted Defendants' unopposed motion to extend the appellate briefing schedule until January 6, 2023; Defendants' motion had noted that the requested extension would allow this Court to inform the scope of proceedings by resolving the motion for clarification. *See* Extension Request Letter, *State of Texas v. Becerra*, No. 22-11037 (5th Cir. Nov. 8, 2022), Doc. No. 00516537831.

Defendants' motion bears little resemblance to the one at issue in *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2021 WL 5003273 (E.D. Tex. Oct. 28, 2021), where the district court concluded that it lacked jurisdiction over a motion to vacate or modify an injunction, as the Court's

4

Order notes, ECF No. 95 at 1. There, the "motion for reconsideration principally request[ed] that the Court *vacate* its preliminary injunction, or, at a minimum, *materially change* the terms of the preliminary injunction." *Providence Title Co.*, 2021 WL 5003273 at *1 (emphasis added). That is a far cry from Defendants' motion, which merely requests that the Court clarify the meaning of a portion of the existing injunction. Resolving that motion would aid the appeal, and the Court has jurisdiction to do so.[2]

2. The Court also asked the Parties to address whether, under Federal Rule of Appellate Procedure 4, Defendants' notice of appeal becomes effective only after this court resolves Defendants' motion. Oct. 28 Order at 1–2. As explained below, the pending motion for clarification did not prevent the notice of appeal from taking effect.

Rule 4 states that, for certain motions filed in the district court, "the time to file an appeal runs from the entry of the order" resolving those motions. Fed. R. App. P. 4(a)(4)(A). A motion to alter or amend the judgment under Rule 59(e) is one such motion. Fed. R. App. P. 4(a)(4)(A)(iv). The Court's Order suggests that Defendants' motion may be best understood as a Rule 59(e) motion, given that Rule 54(a) defines "judgment" to include "any order from which an appeal lies," and in light of certain cases that have treated requests to modify injunctions as Rule 59(e) motions. *See* Oct. 28 Order at 2 (citing Fed. R. Civ. P. 54(a); *Birdsong v. Wrotenbery*, 901 F.2d 1270, 1272 (5th Cir. 1990); *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 357 F. Supp. 3d 294 (S.D.N.Y. 2019)).

The Court should not construe Defendants' motion as a Rule 59(e) motion, because it does not seek to alter or amend the Court's preliminary injunction order (as, for example, was the case in *Coventry*, 357 F. Supp. 3d at 294, where the plaintiffs explicitly sought reconsideration of a preliminary

---

[2] If the Court were to conclude that it lacks jurisdiction to grant the motion for clarification, it would nonetheless have authority to provide an indicative ruling under Federal Rule of Civil Procedure 62.1.

injunction). Instead, Defendants' motion seeks to clarify what the Court meant when it issued the order, as discussed in detail above. *See supra* at 3–4.

This Court should not take its cue from *Birdsong*, in which the Fifth Circuit construed a motion for clarification of a permanent injunction as a Rule 59(e) motion. That case is a relic of a bygone era in which Rule 4(a)(4) created a "trap for an unsuspecting litigant who files a notice of appeal before a posttrial motion" by requiring "a party to file a new notice of appeal after the motion's disposition." Fed. R. App. P. 4 advisory committee's note (1993). This "trap" was amended out of the rule in 1993; under the current rule, a notice of appeal filed prior to a covered post-judgment motion automatically becomes effective once the motion is resolved. *See* Fed. R. App. P. 4(a)(4)(A). *Birdsong*, where the Fifth Circuit found that it was deprived of jurisdiction to hear an appeal of a permanent injunction by the appellants' failure to file a second notice of appeal after the resolution of a post-judgment "motion to clarify" that was really a Rule 59(e) motion, was decided before this fix. *See Birdsong*, 901 F.2d at 1272. Notably, *Birdsong*'s characterization of a "bright-line" dichotomy between Rule 59(e) motions and Rule 60(a) motions, *see id.*, appears to be seldom cited in this circuit in recent years. Instead, after Rule 4's amendment, the Fifth Circuit has recognized that unlike orders modifying preliminary injunctions, orders on motions seeking to interpret or clarify the meaning of preliminary injunctions are not immediately appealable, which suggests that Rule 59(e) (which is inherently tied to appealability) does not encompass clarification motions. *See, e.g.*, *Martin's Herend*, 195 F.3d at 769–70 ("This is unlike the circumstance in *Ingram Towing*, in which we lacked jurisdiction [under § 1292(a)] because the district court had only 'explained' the coverage of the earlier injunction."); *Ingram Towing*, 59 F.3d at 516 (collecting cases); *cf.* 28 U.S.C. § 1292(a) ("the courts of appeals shall have jurisdiction [over] . . . [i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions"). *Birdsong* therefore should not govern the Court's assessment of Defendants' motion.

Indeed, courts in this circuit often issue clarifications of preliminary injunction orders without invoking Rule 59(e). *See, e.g.*, *PSSI Holdings, LLC v. Calhoun*, No. 5:21-CV-00080-RWS, 2021 WL 8315396, at *3 (E.D. Tex. Sept. 13, 2021); *RTM Media LLC v. City of Houston*, No. CIV.A.H-07-2944, 2007 WL 5006527, at *1 (S.D. Tex. Oct. 16, 2007); *APL Logistics Ams., Ltd. v. TTE Tech., Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588, at *1 (N.D. Tex. Mar. 5, 2013) (granting in part motion to clarify and denying motion in the alternative to alter or amend under Rule 59(e)). Although "the Federal Rules are silent on motions to clarify," district courts nonetheless "possess the inherent procedural authority to clarify a prior order for causes seen by it to be sufficient." *APL Logistics* 2013 WL 12124588, at *1. They may issue clarification "as justice requires." *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243 at *1 (N.D. Tex. Jan. 22, 2010). Such motions are not "recognized as . . . motion[s] that might toll the period for the timely filing of an NOA pursuant to FRAP Rule 4(a)(4)." *Wade v. Farmers Ins. Grp.*, 45 Fed. App'x 323 n.19 (5th Cir. 2002) (per curiam). But in any event, the Court would have jurisdiction over Defendants' motion even if it were a Rule 59(e) motion.

Because resolving Defendants' Motion for Clarification would aid the appeal by clarifying the meaning of the existing injunction, the Court has jurisdiction to resolve it, and Defendants respectfully request that the Court resolve the motion at its earliest convenience in light of the pending appeal.

Dated: November 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
KATE TALMOR

ALEXANDER ELY
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC  20005
Phone: (202) 514-8095
Email:  Christopher.Healy@usdoj.gov

*Counsel for Defendants*