UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, Secretary of Health and Human Services, et al.,<br><br>    Defendants. | No. 5:22-CV-185-H |

### ORDER DENYING MOTION FOR CLARIFICATION

Before the Court is the Defendants' Motion for Clarification. Dkt. No. 86. The motion seeks clarification of the Court's Memorandum Opinion and Order, which preliminarily enjoined the defendants from (1) "enforc[ing] the Guidance and Letter's interpretation that Texas abortion laws are preempted by EMTALA," and (2) "enforc[ing] the Guidance and Letter's interpretation of EMTALA—both as to when an abortion is required and EMTALA's effect on state laws governing abortion—within the State of Texas or against AAPLOG's members and CMDA's members." Dkt. No. 73 at 66. In the defendants' view, it is unclear whether they may continue to enforce the Guidance and Letter's interpretation of EMTALA in Texas and against the organizational plaintiffs' members when the abortion would be permitted under state law. Dkt. No. 86 at 1–2. They assert that if state law would permit an abortion, then EMTALA may be enforced against those who do not provide one. But by the express terms of the Court's 67-page order, the defendants are enjoined from enforcing the Guidance and Letter's interpretation within Texas and against the organizational plaintiffs' members. Dkt. No. 73 at 63–66. The Order contains no exception for abortions permitted by state law, and such an exception would not redress the plaintiffs' procedural injury. The motion is denied.

1.      **The Court has jurisdiction to resolve the motion for clarification.**

During the Court's consideration of the defendants' motion, the defendants filed a notice of appeal. Dkt. No. 94. Given that "[t]he filing of a notice of appeal is an event of jurisdictional significance," the Court requested briefing on whether the notice of appeal divested the court of jurisdiction to resolve the motion. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); Dkt. No. 95. The parties have differing views. Dkt. Nos. 96, 97. The plaintiffs claim that the Court lacks jurisdiction to hear the motion because the motion is not properly considered as a motion to alter or amend the judgment under Rule 59(e). Dkt. No. 96 at 1–2. The defendants, in contrast, assert that because they seek only clarification—rather than modification—of the preliminary injunction, the Court may resolve the motion. Dkt. No. 97 at 1–4. The parties do agree, however, that the motion seeks only clarification. Dkt. No. 96 at 3; Dkt. No. 97 at 3 (stating that "Defendants' Motion asks the court to clarify its meaning—not to alter or amend its order").

Because there is no request to materially modify the Order, precedent provides that the Court has authority to resolve the motion. The Court may clarify the scope of its injunction both in aid of appeal and to supervise compliance with the terms of an injunction. *See* Dkt. No. 97 at 2–3, 7 (collecting cases); *see also In re Seabulk Offshore, Ltd.*, 158 F.3d 897, 899 (5th Cir. 1998); *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991). In claiming otherwise, the plaintiffs argue only that the defendants' motion is not a motion to alter or amend the judgment under Rule 59(e), but it is rather a motion for reconsideration of an interlocutory order under Fed. R. Civ. P. 54(b). Dkt. No. 96 at 2–6. The plaintiffs do not rebut or distinguish case law indicating that this Court retains inherent authority to clarify injunctions under certain circumstances.

The Court need not reach all of the parties' arguments for its present purposes, especially given that the motion will be denied. The Court concludes that it has inherent power to resolve the motion to clarify its injunction. *See Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 517 (5th Cir. 1969). The Court's jurisdiction is not in question where, as here, no modification is made to the terms of the preliminary injunction.

**2.     The motion is denied because clarification is unnecessary.**

The Order means what it says: First, "[t]he defendants may not enforce the Guidance and Letter's interpretation that Texas abortion laws are preempted by EMTALA." Dkt. No. 73 at 66. And second, "[t]he defendants may not enforce the Guidance and Letter's interpretation of EMTALA—both as to when an abortion is required and EMTALA's effect on state laws governing abortion—within the State of Texas or against AAPLOG's members and CMDA's members." *Id.* Moreover, the Order's first page explained that "[s]ince the statute is silent on the question [of abortion], the Guidance cannot answer how doctors should weigh risks to both a mother and her unborn child." *Id.* at 1. And contrary to the defendants' assertion that the Order's reasoning "focused on the extent of any conflict between federal and state law" (Dkt. No. 86 at 2), the Order explained that EMTALA's silence created no such conflict, and the Guidance cannot "create a conflict with state law where one does not exist." Dkt. No. 73 at 1; *see also id.* at 49 ("The statute, however, does not resolve how stabilizing treatments must be provided when a doctor's duties to a pregnant woman and her unborn child possibly conflict. That question is left unanswered. Accordingly, there is no direct conflict, and EMTALA leaves it to the states.").

The defendants claim that the Court's injunction "extend[s] past the injuries . . . found to confer standing and to establish irreparable harm," but the Court disagrees. The relief granted was tailored to the plaintiffs' alleged injuries. As the defendants recognize, the Court found that the injunction was necessary to prevent Texas's sovereign injury and enforcement against the organizational plaintiffs' members. Dkt. No. 86 at 3. But the Court also recognized the plaintiffs' procedural injury. Dkt. No. 73 at 21–23. Specifically, the Order explains: "This injunction removes Texas's sovereign injury and AAPLOG and CMDA's injury by association through its members. It likewise cures the plaintiffs' procedural injury because any harm stemming from the lack of notice and comment is neutralized by the injunction against the interpretation of EMTALA stated in the Guidance and Letter." *Id.* at 65. The defendants' reading of the Order—limiting the injunction only to those situations where state law would prohibit an abortion—would not redress the plaintiffs' procedural injuries.

Defendants also claim that the Court's reasoning as to the likelihood-of-success factor indicates that the injunction was limited only to state-law conflicts. Dkt. No. 86 at 3–4. In their view, as long as state law would permit an abortion under certain circumstances, then EMTALA may be enforced against those who do not provide one. Again, the defendants gloss over key portions of the Court's memorandum opinion. The Order explains that EMTALA "is silent as to abortion" and "protects *both* mothers and unborn children." Dkt. No. 73 at 1 (emphasis in original). The Order notes that Congress could have, but did not, address abortion in EMTALA. *Id.* at 41. To the contrary, the statute creates obligations to stabilize both a pregnant woman and her unborn child, and it fails to resolve the tension when those duties conflict. *Id.* at 41–43 & n.12. Thus, state law

– 4 –

controls: "Congress imposed the obligations to screen, stabilize, and transfer equally to the pregnant woman and her unborn child. But EMTALA provides no instructions on what a physician is to do when there is a conflict between the health of the mother and the unborn child. State law fills that void." *Id.* at 45 (internal citations omitted). In light of this language, the face of the order undermines the defendants' asserted need for clarification and its newly raised argument that EMTALA may require an abortion as long as state law does not prohibit one.

The motion for clarification is denied. The Court's order is clear, and the scope of the preliminary injunction remains as stated in the August 23 order (Dkt. No. 73).

So ordered on November 15, 2022.

*[signature]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE