UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, et al.,<br><br>    Defendants. | No. 5:22-CV-185-H |

## AMENDED JUDGMENT

The Court entered a Rule 54(b) judgment on December 20, 2022. Dkt. No. 106. Plaintiffs later filed an Unopposed Motion to Correct Omission from Judgment under Rule 60(a). Dkt. No. 108. In the motion, the plaintiffs state that they believe "these issues would be most clearly presented for appellate review if the judgment explicitly includes" the decretal language from the Court's memorandum opinion and order (Dkt. No. 73) issuing a preliminary injunction. *Id.* at 2. The defendants do not oppose the request, so the Court issues this amended judgment to include the decretal language from the Court's preliminary injunction order.

In accordance with the parties' Joint Status Report (Dkt. No. 105) and for the reasons stated in the Court's Memorandum Opinion and Order granting Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 73), the Court enters this amended final judgment pursuant to Federal Rule of Civil Procedure 54(b). Specifically, the Court enters this Rule 54(b) final judgment with respect to (i) Plaintiffs' Count 2—alleging that the HHS Guidance (Abortion Mandate) exceeds statutory authority, and (ii) Plaintiffs' Count 3—alleging that Defendants failed to conduct notice and comment in accordance with the requirements of

the Medicare Act.  *See* Dkt. No. 18 (Plaintiffs' Amended Complaint) at 22–25; Dkt. No. 73 (Memorandum Opinion and Order granting Preliminary Injunction) at 39, 55.

Pursuant to Rule 54(b), the Court expressly determines that there is no just reason for delay and directs the Clerk of Court to enter this as a final judgment.  Thus:

(1) The defendants may not enforce the Guidance and Letter's interpretation that Texas abortion laws are preempted by EMTALA; and

(2) The defendants may not enforce the Guidance and Letter's interpretation of EMTALA—both as to when an abortion is required and EMTALA's effect on state laws governing abortion—within the State of Texas or against AAPLOG's members and CMDA's members.

The Court stays the Plaintiffs' remaining claims pending resolution of any appeal from this judgment.  The Court instructs the clerk to administratively close this case.  The parties must notify the Court when the appeal is resolved and this case is ready for further litigation or resolution.

So ordered on January 13, 2023.

                                                JAMES WESLEY HENDRIX
                                                UNITED STATES DISTRICT JUDGE