IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 5:22-cv-00185-H |

## NOTICE

Defendants respectfully submit this Notice to inform the Court of two EMTALA complaints recently submitted to CMS concerning ectopic pregnancies, and steps Defendants intend to take in response.

In its opinion granting Plaintiffs' Motion for a Preliminary Injunction, ECF No. 22, the Court concluded that the July 11, 2022, Guidance challenged in this case was "unauthorized" and "issued … without the required opportunity for public comment." ECF No. 73 at 1. As a result, the Court ordered the following preliminary relief:

> (1) The defendants may not enforce the Guidance and Letter's interpretation that Texas abortion laws are preempted by EMTALA; and
>
> (2) The defendants may not enforce the Guidance and Letter's interpretation of EMTALA—both as to when an abortion is required and EMTALA's effect on state laws governing abortion—within the State of Texas or against AAPLOG's members and CMDA's members.

*Id.* at 66. The Court's order recognized, however, that Texas law explicitly states that removal of an ectopic pregnancy is not an "abortion." *Id.* at 4. On September 1, 2022, Defendants asked the Court to clarify whether the injunction was intended to "preclude Defendants from enforcing the Guidance and Letter's interpretation of EMTALA with respect to abortions that would be permitted by Texas law (or, in the case of the Organizational Plaintiffs' members, abortions that are permitted by the law

1

of the state in which they practice and would not violate their religious convictions as the Court described them)." ECF No. 86 at 4. On November 15, 2022, the Court denied that motion, stating that its injunction "contains no exception for abortions permitted by state law" or to which the organizations' members would not object. ECF No. 99 at 1. The U.S. Court of Appeals for the Fifth Circuit affirmed this Court's judgment. *Texas v. Becerra*, 89 F.4th 529 (2024). Defendants timely petitioned for certiorari; the Supreme Court requested that Plaintiffs respond; and the Court is scheduled to consider the petition at its conference on September 30, 2024. *See Becerra v. Texas*, No. 23-1076.

Upon entry of the injunction in August 2022, Defendants took immediate steps to comply, including updating the Guidance itself, as well as the webpage linking to the Guidance, to reflect the injunction. *See* Reinforcement of EMTALA Obligations specific to Patients who are Pregnant or are Experiencing Pregnancy Loss (QSO-21-22-Hospitals – UPDATED JULY 2022) (Rev. 8/25/22), *available at* https://www.cms.gov/files/document/qso-22-22-hospitals.pdf; *see also* https://www.cms.gov/medicareprovider-enrollment-and-certificationsurveycertificationgeninfopolicy-and-memos-states-and/reinforcement-emtala-obligations-specific-patients-who-are-pregnant-or-are-experiencing-pregnancy-0. CMS similarly updated the general EMTALA page on its website. *See* CMS Regulations & Guidance, Emergency Medical Treatment and Labor Act (EMTALA), *available at* https://www.cms.gov/Regulations-and-Guidance/Legislation/EMTALA. And CMS also sent letters to all fifty state survey agencies, as well as the District of Columbia and Puerto Rico, informing them of the injunction. Defendants have since placed conspicuous disclaimers on relevant documents to provide notice to the public and relevant agencies of the injunction, and they will continue to do so.

Recently, on or about August 12, 2024, two patients filed complaints with CMS alleging that different Texas hospitals violated EMTALA by refusing to offer necessary stabilizing treatment or an

2

appropriate transfer for an emergency medical condition. *See* https://reproductiverights.org/wp-content/uploads/2024/08/Thurman-EMTALA-complaint_2024.pdf (Thurman Compl.); https://reproductiverights.org/wp-content/uploads/2024/08/Norris-De-La-Cruz-EMTALA-complaint-2024.pdf (Norris–De La Cruz Compl.). Specifically, both patients allege that they presented to Medicare-participating emergency departments with symptoms consistent with an ectopic pregnancy, were diagnosed with an ectopic pregnancy (a life-threatening condition that cannot lead to a viable pregnancy), and yet were neither offered stabilizing treatment nor appropriately transferred. Both patients allege that, as a result of the delay in receiving stabilizing treatment, their lives were endangered and their future fertility likely impaired: One patient's ectopic pregnancy ruptured, necessitating the removal of her right fallopian tube, Thurman Compl. ¶¶ 3, 23, and the other's had grown so much that most of her right fallopian tube and ovary had to be removed, Norris–De La Cruz Compl. ¶ 32.

In accordance with the terms of the injunction, Defendants intend to investigate these allegations of EMTALA noncompliance by gathering and analyzing the relevant facts. Defendants respectfully submit that, if the patients' allegations are substantiated and the hospitals are found to have withheld stabilizing treatment for an ectopic pregnancy, taking enforcement action concerning such an EMTALA violation would not implicate the Court's injunction. This is because treatment of an ectopic pregnancy is not an "abortion" under Texas law, so taking enforcement action concerning a hospital's denial of such treatment would be consistent with the injunction and would not conflict with state law or raise any preemption issues. Indeed, the Court carefully confirmed with counsel for Texas at the August 2022 preliminary-injunction hearing that, "under the Human Life Protection Act, it is not an abortion … to remove an ectopic pregnancy" and that, "[u]nder the pre-Roe criminal statutes, it would not be an offense, because it would be to save the life of the mother." Hr'g Tr., Aug. 18, 2022 at 17:9-11, 16-18. In addition, the Court recognized in its opinion that, under the Human

Life Protection Act, "[a]n act is not an abortion if the act is done with the intent to … remove an ectopic pregnancy." ECF No. 73 at 4 (citing Tex. Health & Safety Code § 245.002 ("[a]n act is not an abortion if the act is done with the intent to … remove an ectopic pregnancy")); *see also id.* at 15 n.5 (same). The Fifth Circuit likewise recognized that removal of an ectopic pregnancy does not constitute an abortion. *Texas*, 89 F.4th at 535 n.2.

Notwithstanding their intent to investigate the facts surrounding the recently filed complaints, Defendants will, of course, continue to refrain from enforcing the Guidance and Letter's interpretation of EMTALA in circumstances falling within the injunction's scope.

Defendants believe that their understanding of the scope of the injunction, as set forth in this Notice, fully complies with the Court's order, but welcome the Court's guidance if any aspect of their understanding is mistaken.

Dated: August 21, 2024    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN NETTER
Deputy Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Kate Talmor*
KATE TALMOR
ALEXANDER ELY
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC  20005
Phone: (202) 305-5267
Email:  kate.talmor@usdoj.gov

*Counsel for Defendants*